IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR B. COLEMAN, #37760-037 | * | Criminal Action No.TMD-04-3499M |
| | | Civil Action No. AW-05-3085 |
| Petitioner | * | (ECF Exempt) |
| v. | * | \_\_\_FILED  \_\_\_ENTERED |
| | | \_\_\_LODGED  \_\_\_RECEIVED |
| UNITED STATES OF AMERICA | * | |
| | | MAR 2 7 2007 |
| Respondent | * | |
| | | AT GREENBELT |
| | | CLERK U.S. DISTRICT COURT |
| **MEMORANDUM** | | DISTRICT OF MARYLAND |
| | BY_____DEPUTY | |

Before the court is a pro se motion pursuant to 28 U.S.C § 2255, filed by Arthur B. Coleman challenging his conviction and sentence for two counts of theft in violation of 18 U.S.C. § 661.[1] Counsel for the United States has filed a response in opposition,[2] to which Coleman has filed a reply. Upon review of the pleadings, transcripts, and applicable law, the court will direct the government to submit an affidavit from defense counsel Christian Lamar addressing Coleman's allegation that Lamar failed to file an appeal, despite promising his client to do so. Coleman's remaining claims for collateral relief will be denied.

I. Background

On September 2, 2004, Coleman pleaded guilty to two Class A misdemeanors theft in violation of 18 U.S.C. § 661 and attempted theft, in violation of Maryland common law, before Magistrate Judge DiGirolamo. In return, the government agreed to not indict him on felony charges

---

[1] Bureau of Prison records indicate that Coleman was released from incarceration on or about May 15, 2006, and is serving two years of supervised release. An inmate who has completed a prison term but is still serving a supervised release sentence is in custody for purposes of § 2255. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir.1999).

[2] The government has submitted the transcripts of the plea and sentencing hearings as exhibits in support.

arising out of Coleman's conduct in the two offenses.[3] During the plea colloquy, Coleman acknowledged that he was pleading guilty to both counts, waived his right to trial, agreed no promises had been made to him other than the government's agreement not to bring felony charges, and indicated his plea was entered freely and voluntarily.[4]

The government presented in the statement of facts, evidence of a completed theft of $7,533.90 on July 27, 2004, and an attempted theft on July 28, 2004, of $4,953.20 at the David Taylor Model Basin credit union.[5] The government proffered that Coleman had persuaded LaTonya Riley, was an account holder at the credit union, to negotiate a cashier's check on July 27, 2004. She received $4,000 in cash, $3,000 in money orders, and deposited $530.90 into her credit union account. The remaining $3 was for the cost of the three money orders. Shortly after the transaction, the credit union discovered the check was forged, and placed a hold on Ms. Riley's account.[6]

Coleman returned to the credit union on the following day with a different woman, Ms Mickey. She presented but was unable to deposit a cashier's check for $4,953.20 because the account belonged to a relative and had been closed. After the check was rejected, Coleman gave Ms. Mickey the three money orders that had been issued by the bank on the previous day. Coleman, was arrested before the transaction completed. He provided a false name to the police upon arrest.[7]

---

[3] Plea transcript at 4; Sentencing transcript at 10.

[4] Plea transcript at 7-9.

[5] The David Taylor Model Basin is on land within a special maritime and territorial jurisdiction of the United States located in Montgomery County, Maryland.

[6] Plea transcript at 8-9.

[7] *See id.* at 9-10.

On November 2, 2004, Judge DiGirolamo sentenced Coleman to one year on each count, to be served consecutively and consecutive to a sentence Coleman was then serving.[8] The court also imposed a two-year period of supervised release after incarceration and ordered restitution in the amount of $7,003.[9] The court did not inform Coleman of his right to file an appeal.

## II. Claims Presented

Coleman raises the following claims for collateral relief: 1) he was sentenced in violation of his right against double jeopardy; 2) the restitution imposed was improperly calculated; 3) he received ineffective assistance of counsel because his attorney failed to advise him of his right to appeal his sentence; and 4) the trial judge did not advise him of his right to appeal.

## III. Analysis

A petitioner seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 must prove that his sentence or conviction was imposed in violation of the Constitution or the laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence

---

[8] At the time Coleman conviction committed the July 2004, offenses at issue here, he was on "escape status" having failed to self-surrender on June 21, 2004, in another matter. Sentencing transcript at 22.

[9] The government states that on March 14, 2005, Coleman filed a pro se pleading titled "Motion for Leave to File Appeal Out of Time," in which he contended that his trial counsel had promised to file an appeal on his behalf but failed to do so. On March 21, 2005, Coleman filed a second pleading, this time alleging that his sentence violated double jeopardy because each offense involved the same victim and the same criminal activities, and ineffective assistance of counsel, claiming that his trial counsel had misinformed him with regard to the maximum penalty. On April 11, 2005, Coleman filed two pleadings, a "Motion to Amend/Supplement Motion for Leave to File Appeal Out of Time Pursuant to Rule 15(a)(d) F.R.C.P." in which he claimed that his trial attorney had promised to file an appeal, but failed to do so. The court denied these Motions for lack of jurisdiction to hear an appeal filed outside the ten-day limit established by Rule 58(g)(2) of the Federal Rules of Criminal Procedure. *See* AW-04-2727. Coleman appears to have attempted to challenge the instant offenses as part of the proceedings in that case.

exceeded the maximum authorized by law, or that the sentence is otherwise subject to attack. *See* 28 U.S.C. § 2255.

### A. Double Jeopardy

The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. *See North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). To determine whether separate counts charge the same offense, courts apply the test set out by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932). Pursuant to *Blockburger,* double jeopardy clause analysis asks whether "the same act or transaction constitutes a violation of two distinct statutory provisions." *Id.* A finding that there were two distinct acts precludes a violation of the double jeopardy clause.

Review of the Rule 11 hearing plainly shows that there is no merit to this claim. Coleman pleaded guilty to the two counts of the complaint, each describing a different crime, perpetuated on different days, and involving different victims willing to cash purported negotiatable instruments. During the plea colloquy, counsel for the government proffered evidence demonstrating a completed theft of $ 7,533.90 on July 27, 2004, and an attempted theft on July 28, 2004 of $4,953.20. In sum, Coleman was charged with and pleaded guilty to two different offenses involving different victims, although he used same modus operandi. This claim is without merit and will be denied.

### B. Restitution

Coleman next claims that he was ordered to pay excess restitution. As noted above, the statement of facts presented by the government demonstrated that LaTonya Riley cashed a forged check in the amount of $7, 533.90. Of that amount, she deposited $530.90 in her account. Ms. Riley

4

gave the remainder of the money to Coleman, and she ultimately owed $7,003 to the credit union after the forgery was discovered.

At the plea hearing, defense counsel acknowledged there were no corrections, additions, or modifications to the underlying basis for the guilty pleas.[10] Later at the sentencing hearing, defense counsel stated that the loss was $4,000.[11] The government explained that the actual loss was $7,533. The court agreed, but invited defense counsel to present arguments for reducing the amount of restitution. Defense counsel did not further dispute the amount.[12]

### C. Ineffective Assistance

Coleman alleges that his attorney was ineffective because counsel failed to file an appeal despite his client's instructions to do so. "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success," and amounts to *per se* ineffective assistance of counsel. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's duty to note an appeal applies when a defendant specifically requests that an appeal be filed. *See Flores-Ortega*, 528 U.S. 470, 477, 484 (2000); *see also U.S. v. Frazer*, 430 F.3d 695, 705 (4th Cir. 2005) (defendant has right to appeal, even if appeal would be frivolous).

In its response, the government states "...if the defendant had asked his attorney to file an appeal, trial counsel Christian Lamar, an experienced and respected member of the Federal Public

---

[10] Plea transcript at 11.

[11] Sentencing transcript at 24.

[12] Sentencing transcript at 24-25.

Defender's Office, would certainly have done so." Gov't. Resp. at 6. This response is inadequate.

Coleman has presented a colorable Sixth Amendment claim showing disputed material facts. *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *Peak*, 992 F.2d at 42. The government's response is unsupported by any personal knowledge or verified evidence. Accordingly, the court will direct government counsel to file an affidavit from Christian Lamar, Esquire, addressing whether he promised Coleman that he would file an appeal, but failed to do so.

### D. Notice of Right to Appeal

The government concedes, and the sentencing transcript demonstrates, that Coleman was not informed by the magistrate judge at sentencing that he had a right to appeal the sentence. *See* Fed. Rule Crim. P. 32(j) (requiring the court to advise defendant of any right to appeal the sentence). Failure to advise the defendant of his right to appeal a sentence does not entitle him to habeas corpus or collateral relief if he knew of his right and therefore suffered no prejudice as a result of the omission. *See Peguero v. United States*, 526 U.S. 23, 28 (1999); *see also Soto v. United States*, 185 f.3d 48, 50 (1999) (ruling government bears the burden of establishing harmlessness through clear and convincing evidence that the defendant either actually exercised this right, waived this right, or had independent knowledge of this right).

The government argues that Coleman knew of his appeal rights because he appealed his convictions in a similar case, also involving theft offenses and heard by a magistrate judge, in this court. *See* AW-03-0499 (D. Md.). [13] Further, the government argues that Coleman's independent

---

[13] At sentencing, it was noted that Coleman has a history of similar offenses. *See* Sentencing transcript at 10-12, 21-22. On October 22, 2003, Coleman was convicted before Magistrate Judge Laws of two counts of theft. *See* Magistrate Court Case No. 02-26784M. On May 11, 2005, the court dismissed Coleman's §2255 petition to vacate, set aside or correct his convictions in that case. *See Coleman v. United States*, Civil Action No. AW-04-2727 (D. Md).

6

knowledge of appeal is evidenced by the fact that repeatedly states in his pleadings that he asked his counsel to file an appeal.[14]  The court agrees.  Moreover, the transcripts show that Coleman's guilty plea was plainly voluntary and knowing.  It would not have been overturned on appeal, especially given the strong corroborative evidence of guilt and the absence of any claim of innocence.[15]  As a result, Coleman is unable to demonstrate any real prejudice from the alleged denial of his right to appeal and this claim for habeas relief will be denied.

IV. Conclusion

A separate order will be entered directing counsel for the government to file verified documentation, as delineated herein.  The remaining claims for collateral relief will be denied.[16]

3/16/07
Date

Alexander Williams, Jr.
United States District Judge

---

In light of the similarity between the convictions in Coleman's cases before different magistrate judges, he appears to have referenced the wrong proceedings on several of his numerous miscellaneous pleadings in these proceedings.

[14]On March 14, 2005, defendant filed a "Motion for Leave to File out of Time" in which he claimed trial counsel promised to file an appeal but did not do so. On March 21, 2005, defendant filed two pleadings: 1)"Motion to Review/Correct/Modify /Sentence/Restitution and 2) "Motion to Review/Withdraw Plea of Guilty." On April 11, 2005, defendant filed a Motion to Amend/Supplement Motion for Leave to File Appeal Out of Time Pursuant to Rule 15(a)(d) F.R.C.P" in which he repeated his allegation that his attorney had promised but failed to file an appeal. *See Coleman v. United States*, Civil Action No. AW-04-2727 (D. Md).

[15] Plea transcript at 7.

[16]Coleman has also filed a number of miscellaneous claims which will be addressed in that Order and consonant with this Memorandum.