## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR B. COLEMAN, #37760-037 | * | Criminal Action No. TMD-04-3499M |
| | | Civil Action No. AW-05-3085 |
| Petitioner | * | |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

### **MEMORANDUM**

Before the court is a pro se motion pursuant to 28 U.S.C § 2255 filed Arthur B. Coleman challenging his conviction and sentence on the grounds of ineffective assistance of counsel. Specifically, he alleges that his attorney failed to advise him of his right to appeal his sentence. For the reasons that follow, the court will deny the petition.

### **Background**

On September 2, 2004, Coleman pleaded guilty to two Class A misdemeanors: theft in violation of 18 U.S.C. § 661 and attempted theft, in violation of Maryland common law before Magistrate Judge DiGirolamo. During the plea colloquy, Coleman acknowledged that he was pleading guilty to both counts, waived his right to trial, and agreed that no promises had been made to him other than the government's agreement not to bring felony charges. He told the court that his plea was entered freely and voluntarily.

On November 2, 2004, Judge DiGirolamo sentenced Coleman to one year on each count, to be served consecutively to each other and consecutive to the sentence Coleman was then serving. The court also imposed a two-year period of supervised release after incarceration and ordered

restitution.[1]

On March 27, 2007, the court denied Petitioner's claims in the instant 28 U.S.C. §2255 petition, except for the ineffective assistance claim now under review. The court directed counsel for Respondent to file an affidavit from Coleman's trial counsel addressing the ineffective assistance issue.[2]

### Ineffective Assistance Claim

Coleman contends that his attorney Christian Lamar rendered constitutionally ineffective assistance by filing to file an appeal despite his client's instructions to do so. "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success" and amounts to *per se* ineffective assistance of counsel. *United States v. Peak*, 992 F. 2d 39, 42 (4th Cir. 1993). Counsel's duty to note an appeal applies when a defendant specifically requests that an appeal be filed. *See Flores-Ortega*, 528 U.S. 470, 477, 484 (2000); *see also U.S. v. Frazer*, 430 F.3d 695, 705 (4th Cir. 2005) (defendant has right to appeal, even if appeal would be frivolous).

In his affidavit, counsel attests that "[i]t was, and remains, my practice to discuss with a client his appeal rights. If Mr. Coleman had asked me to file an appeal of his sentence, I would have done so." Paper No. 22, Affidavit. After reviewing the pleadings and counsel's affidavit, the

---

[1] Bureau of Prison records indicate that Coleman was released from incarceration on or about May 15, 2006. An inmate who has completed a prison term, but is still serving a supervised release sentence is in custody for purposes of § 2255. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir.1999).

[2] Counsel for Respondent states that a copy of the affidavit was sent to Coleman's last known address. Paper No. 23. Coleman has not filed a reply.

court concludes that Coleman has failed to show that he specifically instructed counsel to file an appeal.

## Conclusion

Coleman has not to shown ineffective assistance for failure to note an appeal. Accordingly, the court will deny the claim by separate order.

July 27, 2007                                                      _____/s/_____
Date                                                                               Alexander Williams, Jr.
                                                                                   United States District Judge